IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KELLEY JOHNSON, an individual, | |
| PLAINTIFF, | CASE NO.: |
| vs. | HON. |
| NFL Player Disability, Neurocognitive & Death Benefit Plan, NFL Player Disability and Neurocognitive Benefit Board, The Detroit Lions, Inc., National Football League Management Council, and National Football League Players Association, | MAGISTRATE JUDGE: |
| DEFENDANTS. | |

DAIMEON M. COTTON (P75563)
COTTON LAW CENTER, PLLC
Attorneys for Plaintiff
13900 Woodward Avenue
Highland Park, Michigan 48203
Ph: (313) 963-1320
Fax: (313) 963-1325
Email: dcotton@cottonlawcenter.com

## COMPLAINT

Plaintiff, Kelley Johnson, by his attorneys, Cotton Law Center, PLLC, for causes of action arising out of the denial of Plan benefits, under federal laws statutory and common law, states the following for his Complaint:

## NATURE OF ACTION

1. This is a civil complaint brought under the Employee Retirement Income Security Act of 1974 (ERISA) §502, 29 USC 1132, and federal common law, regarding breach of the terms of an employee benefit plan and breach of fiduciary duty, for the purpose of compelling Defendants to provide certain disability insurance benefits in the amounts and at the coverage levels promised and for an accounting, recovery of damages, costs, and attorney fees incurred as a consequence of Defendants' failure to do so.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under ERISA §§502(e)(1), (f), 29 USC 1132(e)(1), (f), and 28 USC 2201.

3. Venue properly lies in this District under ERISA §502(e)(2), 29 USC 1132(e)(2).

## PARTIES AND GENERAL ALLEGATIONS

4. Plaintiff, Kelley Johnson, ("Plaintiff"), is a participant, within the meaning of ERISA §3(7), 29 USC 1002(7), in a welfare benefit plan called "NFL Player Disability and Survivor Benefit Plan" formerly known as the "NFL Player Disability, Neurocognitive & Death Benefit Plan" ("Plan" or "Defendant Plan"), Amended and Restated as of April 1, 2019, by virtue of Plaintiff's former employment with the Detroit Lions, Inc. located in Allen Park, Michigan and

Detroit, Michigan at all times relevant to this action. Plaintiff's employment contract with the Detroit Lions, Inc. contained a choice of law provision that stated the contract was made under and governed by the laws of the state of Michigan. Plaintiff resided in Detroit, Michigan while in the Detroit Lions' training camp and at times relevant to this action.

5. Defendant Plan is a welfare benefit plan within the meaning of ERISA §3(1), 29 USC 1002(1). A copy of the Plan is attached as Exhibit A.

6. Defendant NFL Player Disability and Neurocognitive Benefit Board ("Disability Board") is and was the Plan Administrator within the meaning of ERISA §3(16)(A), 29 USC §1002(16)(A), and a named fiduciary within the meaning of ERISA §402, 29 USC §1102. The Disability Board regularly makes decisions in this district relating to residents of this district and governs the Plan in this district.

7. The Detroit Lions, Inc. ("Lions") is one of the member clubs of the National Football League ("NFL") with its principal place of business in Allen Park, Michigan.

8. Defendant National Football League Management Council ("NFL Management Council") is the sole and exclusive bargaining representative of present and future employer member clubs of the NFL. The NFL Management Council is and was a fiduciary of the Plan within the meaning of ERISA §

3(21)(A), 29 U.S.C. § 1002(21)(A). Upon information and belief, the NFL Management Council is a non-profit association of NFL clubs with its principal place of business at 280 Park Avenue, New York City, New York 10017. The sole and exclusive bargaining representative of the Lions is the NFL Management Council that is and was at all material times doing business in this district.

9. Defendant National Football League Players Association ("NFLPA") is a labor organization certified by the National Labor Relations Board as the exclusive bargaining representative of all NFL players. The NFLPA is and was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). The NFLPA regularly represents players employed in the Eastern District of Michigan, and some of its members reside in this judicial district.

10. Each Defendant referred to in numbers 5-9 will collectively be referred to as "Defendants" herein.

11. The parties are bound by a Collective Bargaining Agreement ("CBA") negotiated between the NFL Management Council (on behalf of the NFL member clubs, including the Lions) and NFLPA (on behalf of all NFL players, including Kelley Johnson). Relevant portions of the CBA are attached hereto as Exhibit B.

12. On or about August 12, 1989, Plaintiff became entitled to payment under the Plan.

13. On or about August 12, 1989, Plaintiff, while playing for the Lions as a wide receiver, was injured during a pre-season game against the Cleveland Browns when another player fell and landed on Plaintiff's left knee.

14. On or about August 13, 1989, Plaintiff informed the Lions' head trainer that his left knee was in great pain. The Lions' head trainer provided Plaintiff with ice and heat treatment.

15. On or about August 22, 1989, Plaintiff asked the Lions for help regarding his injured knee, and Plaintiff was then informed that he was "on his own."

16. On or about August 22, 1989, the Lions told Plaintiff that he needed to seek personal treatment for his left knee.

17. On or about September 21, 1989, Lions' physician diagnosed Plaintiff with a medial meniscal tear, left knee or a chondral lesion with a loose body.

18. On or about September 22, 1989, Lions' physician performed a surgical arthroscopy to repair Plaintiff's left knee.

19. On or about September 22, 1989, Lions' physician diagnosed Plaintiff with Grade III chondral lesion, medial femoral condyle, left knee and Grade I chondral lesion, lateral tibia plateau.

20. From about September 23, 1989, to January of 1990, Plaintiff underwent physical therapy.

21. From about September 23, 1989, to January of 1990, Plaintiff received compensation under his employment contract with the Lions.

22. In or around 1990, Plaintiff was forced to retire due to his disability.

23. Neither the Lions nor any of the other Defendants informed Plaintiff about any benefits, including benefits under the Plan, and Mr. Kelley was not aware of the any benefits or any benefits under the Plan prior to February 2021.

24. Plaintiff has experienced pain and disability to the current date as a result of his knee injury on August 22, 1989.

25. On or around October 30, 2018, twenty-nine years after Plaintiff was injured and twenty-eight years after he retired, Plaintiff received a letter from the Pro Football Retired Players Association stating that he would be receiving Dental/Vision starting in 2019. This was the first Plaintiff heard of any benefits, and Plaintiff was still completely unaware of any benefits under the Plan.

26. In or around February 2021, Plaintiff received a Plan booklet that detailed possible injuries for which a player could submit an application for one or more injuries under the Line of Duty ("LOD").

27. In or around March 2021, Plaintiff submitted a claim for benefits under the Plan.

28. On or about April 15, 2021, the Disability Initial Claims Committee denied Plaintiff's benefits under the Plan due to an untimely application.

29. On or about November 10, 2021, the Plan's Disability Board unanimously determined Plaintiff's application for benefits under the Plan was untimely and denied Plaintiff's appeal.

30. Despite repeated requests by Plaintiff, Defendants refused to pay Plaintiff's benefits under the Plan.

31. Plaintiff has been unable to recover the benefits under the Plan, which he would have been entitled to receive had he properly been correctly informed.

## COUNT I

*Action Under ERISA §502(a)(3), 29 USC 1132(a)(3),*
*to Remedy Breach of Fiduciary Duty*

32. Plaintiff incorporates the preceding paragraphs by reference as though fully set forth here.

33. Title 29 U.S.C. § 1132(a)(3) states that a civil action may be brought: "by a participant, ... (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

34. Under ERISA §404(a), 29 USC 1104(a), as fiduciaries with respect to the Plan, Defendants have and had a duty to discharge their duties with respect to the Plan solely in the interest of the Plan participants and their beneficiaries;

    a. for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of administering the Plan;

    b. with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; and

    c. in accordance with the Plan documents and instruments insofar as such documents and instruments are consistent with the provisions of Titles I and IV of ERISA.

    35. Under ERISA, the fiduciary duty includes an affirmative duty to inform "carefully, completely, and accurately" and to disclose when "silence might be harmful," and materially misleading statements or material omissions to plan participants regarding eligibility under a plan or the extent of benefits under a plan will support a claim for breach of fiduciary duty. *See Krohn v Huron Mem'l Hosp*, 173 F3d 542, 547–48 (6th Cir 1999).

    36. Defendants' failure to warn, inform and/or disclose constitutes a breach of each and every one of their fiduciary duties under ERISA as set forth above.

37. Defendants' failure to warn, inform and/or disclose to Plaintiff the existence of a plan, eligibility under the Plan, or the extent of benefits under the Plan, caused Plaintiff harm; namely, their silence was a material omission that caused Plaintiff to miss the opportunity to timely enroll in Defendants' ERISA Plan.

38. Defendants are liable to provide appropriate compensatory and equitable relief to Plaintiff to remedy the harm caused by their breaches of fiduciary duties alleged herein.

## COUNT II

*Action Under ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B), to Recover Full Benefits*

39. Plaintiff incorporates the preceding paragraphs by reference as though fully set forth here.

40. The denial of Plaintiff's benefit payments and the determination that Plaintiff's benefits were not payable are in direct violation of the terms of the Plan.

41. Defendants abused their discretion by denying Plaintiff's benefits under the Plan as untimely when the cause of the untimeliness was Defendants breach of their fiduciary duty to inform Plaintiff that the Plan existed.

42. As a direct result of these actions/omissions, Plaintiff has suffered damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

A.     A declaratory judgment under ERISA §502(a)(1)(B), 29 USC 1132(a)(1)(B), and/or ERISA §502(a)(3), 29 USC 1132(a)(3), and 28 USC 2201, declaring (i) that Plaintiff is entitled to payment of benefits in the proper amounts as set forth in the Plan i; (ii) that Defendants violated the Plan and its fiduciary duties by refusing to pay Plaintiff benefits under the Plan; (iii) that Defendants failed to provide accurate and sufficient information, which caused Plaintiff harm; and (iv) that Defendants committed other actions and omissions in violation of ERISA and applicable law.

B.     A full and accurate accounting by the Plan of all computations for Plaintiff's benefits under the Plan, in sufficient detail so that Plaintiff may ascertain that Plaintiff's benefits are paid in the proper amount.

C.     An order compelling Defendants and/or the Plan to pay Plaintiff forthwith the full amount of benefits under the Plan due and to continue such payments for the period set forth in the Plan, including interest on all unpaid benefits under the Plan.

    D.    Disgorgement of any profits or gain Defendants and/or the Plan has obtained as a result of the wrongful action alleged in this complaint and equitable distribution of any profits or gain to Plaintiff.

    E.    Reasonable attorney fees and costs, under ERISA §502(g)(1), 29 USC 1132(g)(1).

    F.    Such other relief as may be just and appropriate.

Respectfully Submitted,

COTTON LAW CENTER, PLLC

By: /S/ Daimeon M. Cotton
     Daimeon M. Cotton (P75563)
     Attorney for Plaintiff
     13900 Woodward Ave.
     Highland Park, Michigan 48203
     Ph: (313) 963-1320

Date: February 16, 2022